UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

DEC 18  11 45 AM '01

COHESIVE TECHNOLOGIES, INC., )
)
    Plaintiff, )
)
v. )
)
WATERS CORPORATION, )
)
    Defendant. )

01-12307 DPW

Civil Action

Docket No.

RECEIPT # _36100_
AMOUNT $ _150_
SUMMONS ISS. _yes-1_
LOCAL RULE 4.1
WAIVER OF SERV. _/_
MCF ISSUED
AO 120 OR 121
BY DPTY CLK _SS_
DATE _12-21-01_

COMPLAINT FOR INJUNCTIVE RELIEF

*Nature of this Action*

1.     This action is related to Civil Action Nos. 98-12308 (DPW) and 99-11528 (DPW) pending in this Court before Judge Woodlock. Like the related cases, this is an action for infringement of patents covering an apparatus and method for performing high performance liquid chromatography ("HPLC"). In this action, Cohesive Technologies, Inc. ("Cohesive") seeks preliminary and permanent injunctive relief against defendant Waters Corporation ("Waters") for its continuing infringement of U.S. Letters Patent 5,772,874 (the '874 patent) and U.S. Letters Patent 5,919,368 (the '368 patent).

*Jurisdiction and Venue*

2.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a) (patents). This district is a proper venue for this action under 28 U.S.C. §§ 1391(b) and (c).

1

*The Parties*

3. Cohesive is a privately held Massachusetts corporation, with its principal place of business in Franklin, Massachusetts.

4. Waters is a Delaware corporation with its principal place of business in Milford, Massachusetts.

*Factual Background*

5. The '874 patent issued from a continuation-in-part application, the parent of which was filed on November 2, 1995. The United States Patent and Trademark Office duly examined the parent and continuation-in-part applications, and properly issued the '874 patent on June 30, 1998. A copy is attached as Exhibit A. The '368 patent issued from a divisional application of the same parent application. The United States Patent and Trademark Office duly examined the divisional application and properly issued the '368 patent on July 6, 1999. A copy is attached as Exhibit B.

6. Cohesive has been assigned all rights in the '874 and '368 patents.

COUNT I
WILLFUL PATENT INFRINGEMENT

7. Cohesive incorporates by reference the allegations in paragraphs 1 through 6 as if set forth here in full.

8. On November 29, 2001, Waters was found by a jury of twelve men and women to have infringed the '874 patent by its use of the Waters Oasis® HLB 1 mm x 50 mm extraction column, by its sale of that column to its customers, and by its active inducement of infringement on the part of those customers.

9. After receiving the adverse verdict, Waters stated for the first time that it had discontinued sales of the infringing column before the parties began the month-long jury trial.

10. In a subsequent press release, Waters asserted that the infringing column, which it had spent over three years defending in costly litigation, was actually "obsolete" and had been replaced by another column that demonstrated better performance.

11. In fact, Waters simply packed the same infringing 1 x 50 mm column with particles having nominal diameters of 25 µm, rather than 30 µm, and claimed that it had thereby avoided infringing the patents.

12. The manufacture, sale, offer for sale and use of the "new, improved" Waters column directly infringes the '874 and '368 patents.

13. Waters is also contributing to or actively inducing others to infringe the '874 and '368 patents by its continuing sale and promotion of the Oasis® HLB 1 mm x 50 mm extraction column. Despite the jury's finding of infringement, Waters continues to promote the practice of the invention by numerous articles, posters, catalog pages, and slide presentations that remain on its web site.

14. Waters has recently distributed other infringing products besides the Oasis® HLB 1 mm x 50 mm extraction column. In particular, it has distributed an Oasis® MCX 1 mm x 50 mm column to researchers at Glaxo Wellcome, who have described their use of that infringing column to extract drugs from plasma in a recent scientific publication, Rapid Commun. Mass. Spectrom. 15: 2526-29 (2001), a copy of which is attached as Exhibit C. Waters has also promoted the use of a narrow bore capillary "trapping" column for fast, sensitive drug analysis. See Exhibit D, attached. That column, with dimensions 0.18 x 30 mm and packed with Oasis®

HLB particles having nominal diameters of 25 µm, when used at high flow rates, also infringes the '874 and '368 patents.

15. Accordingly, by making, using, selling, and offering for sale products that practice the inventions claimed in the '874 and '368 patents, Waters has directly infringed the '874 and '368 patents, and has contributed to and actively induced infringement of the '874 and '368 patents in the United States by its customers and others.

16. The acts of infringement by Waters have been committed with full knowledge of the '874 and '368 patents and of Cohesive's rights under those patents, and in willful disregard of Cohesive's rights.

17. Cohesive will suffer irreparable damage and impairment of the value of its '874 and '368 patents unless Waters is enjoined from continuing its infringing activities.

18. Waters' tactics – in particular, its replacement of the product being litigated with another equivalent product at the outset of the jury trial, effectively "sandbagging" Cohesive and avoiding a jury determination that the current product is also infringing Cohesive's patent – constitute such vexatious litigation as to make this is an exceptional case under 35 U.S.C. § 285. As a consequence, Cohesive should be entitled to recover its reasonable attorney fees and the expenses it incurs in bringing this unnecessary action.

*Prayer for Relief*

WHEREFORE, Cohesive asks this Court to order:

A. That judgment be entered against Waters for infringing the '874 and '368 patents;

B.   That Waters and its officers, agents, attorneys and employees, and those acting in concert with them, be preliminarily and permanently enjoined from infringing, inducing or contributing to the infringement of the '874 and '368 patents;

C.   That reasonable attorneys fees be awarded to Cohesive pursuant to 35 U.S.C. § 285 because this is an exceptional case; and

D.   That Cohesive be granted such other and further relief as the Court may deem proper.

Dated: December 17, 2001

_____
Robert H. Stier, Jr. (BBO #646725)
Margaret Minister O'Keefe
Pierce Atwood
One Monument Square
Portland, Maine  04101-1110
207-791-1100
*Attorneys for Cohesive Technologies, Inc.*